### PARI-MUTUEL GRILL v. TOWN OF WEST MIAMI.

Circuit Court, Dade County.

May 21, 1952.

———•———

Sczudlo & Patterson, Jack L. Petro of counsel, Miami, for plaintiff.

Walton, Hubbard, Schroeder, Lantaff & Atkins, Arthur W. Primm of counsel, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

Counsel have stipulated and agreed that the court can and should enter its final declaratory decree on the pleadings because no substantial factual issue is involved.

The defendant municipality is empowered by the state beverage act "to enact ordinances regulating . . . . locations of places of business" in which alcoholic beverages may be sold. The town has ordained that "no license . . . . shall be issued where the place of business designated in the application therefor is located within 2,500 feet from another place of business for which there is already issued any license." An exception, however, is provided for by ordinance to enable hotels (of a specified size) and restaurants (of a specified capacity) to obtain licenses for the service of alcoholic beverages "from a service bar only."

It is conceded by the plaintiff that his place of business is located within 2,500 feet from another place of business for which a license had already been issued when he applied for the license which was issued to him. Had he not applied for the limited and restricted license issuable because of the mentioned exception, it is clear that he would not have been entitled to *any* license to sell alcoholic beverages in his restaurant. Having invoked the ordinance provisions for the purpose of procuring the limited and restricted license he holds, he now contends that the restrictive provisions are unconstitutional,

unreasonable and invalid. He asserts the right, despite the prescribed distance requirements, to sell alcoholic beverages in his place of business at an "open" bar. He challenges also the prohibitory regulation embodied in the ordinance by which he is precluded from exhibiting "any sign or display intended to be visible on the outside denoting that alcoholic beverages are sold or obtainable therein."

I think the plaintiff's position is untenable and that he cannot question the constitutionality, reasonableness or validity of the ordinance provisions he invoked to obtain his license and without which he could not have obtained *any* license to sell alcoholic beverages in his restaurant. My opinion is that he is estopped.

It is therefore declared and decreed that the plaintiff may not lawfully sell or serve alcoholic beverages in his place of business (known and designated as the Pari-Mutuel Grill) from an "open" bar and that in such place of business he may serve such beverages, at tables with food, from a service bar only; and it is further declared and decreed that the plaintiff may not lawfully exhibit in or about such place of business any sign or display intended to be visible on the outside of such place denoting that alcoholic beverages are sold or obtainable in such place.

The plaintiff is required to pay all the costs of the suit.